IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ENRIQUE MARTINEZ ALONSO , #28264-177**                                          **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:11-cv-171-DCB-JMR**

**CORRECTIONS CORPORATION OF AMERICA, ET AL.**                    **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. On November 10, 2011, Plaintiff Alonso, an inmate of the Bureau of Prisons ("BOP"), currently incarcerated at the Big Spring Correctional Institution, Big Spring, Texas, filed this *pro se* civil rights action against the Adams County Correctional Institution ("ACCC").[1] Upon liberal review of the Complaint and Response [11] the Court has reached the following conclusions.

**I. Background**

Plaintiff states that on April 7, 2010, he injured his lower back while working in the kitchen at the ACCC.[2] Plaintiff claims that he "asked right away for [ ] medical treatment which [was] never . . . provided." Compl. [1] at 4. Plaintiff complains that he "submitted all kind[s] of administrative forms to resolve this problem but [ ] they never answered them" or "they gave me ibuprofen." *Id.* Plaintiff states that he spent 1 year and 2 months at ACCC "waiting for medical assistance." *Id.* As relief in this suit, Plaintiff is requesting monetary damages.

On January 4, 2012, the Court entered an Order [10] advising the Plaintiff that the ACCC is not a person or a separate legal entity that may be named as a Defendant in a civil rights action. Plaintiff was directed to file a written response to "provide a viable Defendant by naming a

---

[1] This case was transferred to this Court by the Northern District of Texas on December 5, 2011.

[2] The Adams County Correctional Institution is located in Natchez, Mississippi.

person or persons that are responsible for the alleged violation of his constitutional rights" and Plaintiff was directed to "specifically state how each newly named Defendant violated his constitutional rights." Order [10] at 1. Plaintiff filed his Response [11] naming the following individuals as Defendants: Vance Laughlin, Warden at ACCC; Dr. Burke, medical doctor at ACCC; Dr. Arnold, medical doctor at ACCC; Dr. Frye, medical doctor at ACCC; Jasson Russel, Nurse at ACCC; and Unknown Daniels, Nurse at ACCC. Plaintiff states that all of these people "were involved in some way with my medical problems and none of them wanted to take care of my case." Resp. [11] at 1. Plaintiff further claims that his constitutional rights have been violated because the Defendants did not provide adequate medical treatment for his serious problem but instead "they thought . . . ibuprofen was the solution." *Id*.

## II. Analysis

Title 28 U.S.C. §1915 applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on

file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action, therefore his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

Initially, the Court notes that Plaintiff submitted his Complaint on forms provided to prisoners filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983. In order to obtain relief under § 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States and demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). Defendants are employees of the ACCC which is a facility owned and operated by the private corporation, Corrections Corporation of America, that houses inmates on behalf of the Bureau of Prisons, a federal agency. Since employees of a privately run correctional facility operated under contract with the federal government are not state actors for purposes of § 1983, Plaintiff cannot maintain this case under § 1983. *See Lewis v. Downey*, 581 F.3d 467, 471 n.3 (7th Cir. 2009) (citing *Sandoval v. Wackenhut Corr. Corp.*, No. 93-8582, 1994 WL 171703, at *2 n.3 (5th Cir. Apr. 28, 1994)).

However, a federal inmate may assert a constitutional challenge to the conditions of his confinement in a civil rights complaint, also known as a *Bivens* complaint. *See Bivens v. Six Unknown Federal Agents*, 403 U.S. 388, 395-97 (1971) (a victim who has suffered a constitutional violation by a federal actor can recover damages in federal court). In order to state a *Bivens* claim, a Plaintiff must allege that an individual acting under federal law deprived him of a right secured by the United States Constitution. *Id.* However, the Supreme Court has declined

3

to extend the *Bivens* right of action to suits against private entities acting under color of federal law. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001)(federal inmate may not seek relief under *Bivens* against a private corporation operating a halfway house under contract with the BOP). Therefore, Plaintiff cannot maintain a *Bivens* action against the ACCC or Corrections Corporation of America.

The Supreme Court recently addressed the application of *Bivens* to a claim asserted by a federal prisoner seeking relief against the individual employees of a private prison. *See Minneci v. Pollard*, ---U.S.---, 132 S.Ct. 617, 181 L.Ed.2d 606 (2012). In *Minneci*, the Plaintiff was a federal inmate, housed at a facility operated by a private company, who sought relief against prison employees for the deprivation of adequate medical care. *Id.* at 620. The Court also declined to extend the *Bivens* right of action in this situation, finding that extension was not warranted because the Plaintiff could seek a remedy under state tort law. *Id*. at 623-26. Specifically, the Court stated:

> [W]here ... a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id*. at 626. The Court also noted that specific authority exists "in every one of the eight States where privately managed secure federal facilities are currently located," which includes Mississippi, "indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees." *Id*. at 624-25 (citing *Farmer v. State ex rel. Russell*, 224 Miss. 96, 105, 79 So.2d 528, 531 (1955)). Since Plaintiff's claim mirrors the claim rejected by

the Supreme Court in *Minneci,* he cannot maintain this *Bivens* action against the individual employees of the ACCC.

### III. Conclusion

In sum, Plaintiff cannot assert a *Bivens* claim or seek relief under 42 U.S.C. § 1983, for the alleged denial of medical care in violation of the Eighth Amendment against the ACCC or the individual employees of the ACCC.  Consequently, this Complaint will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).  Any state law claims Plaintiff may be asserting will be dismissed without prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g).  If the Plaintiff receives "three strikes" he will be denied IFP status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be issued.

SO ORDERED, this the <u>21st</u> day of March, 2012.

s/David Bramlette<br>
UNITED STATES DISTRICT JUDGE